FILED: March 21, 2025

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 25-1248
(1:25-cv-00748-JKB)

_____

STATE OF MARYLAND; STATE OF MINNESOTA; DISTRICT OF COLUMBIA; STATE OF ARIZONA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN

       Plaintiffs - Appellees

v.

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her Official Capacity as Secretary of Agriculture; UNITED STATES DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his Official
Capacity as Secretary of Commerce; UNITED STATES DEPARTMENT OF DEFENSE; PETER HEGSETH, In his Official Capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in
her Official Capacity as Secretary of Education; UNITED STATES DEPARTMENT OF ENERGY; CHRISTOPHER WRIGHT, in his Official
Capacity as Secretary of Energy; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his Official
Capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her Official
Capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; SCOTT TURNER, in his Official

Capacity as Secretary of Housing and Urban Development; UNITED STATES
DEPARTMENT OF THE INTERIOR; DOUGLAS BURGUM, in his Official
Capacity as Secretary of the Interior; UNITED STATES DEPARTMENT OF LABOR;
VINCENT MICONE, in his Official Capacity as Acting Secretary of Labor; UNITED
STATES DEPARTMENT OF TRANSPORTATION; SEAN P.
DUFFY, in his Official Capacity as Secretary of Transportation; UNITED STATES
DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his
Official Capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF
VETERANS AFFAIRS; DOUGLAS A. COLLINS, in his
Official Capacity as Secretary of Veterans Affairs; CONSUMER FINANCIAL
PROTECTION BUREAU; RUSSELL VOUGHT, in his Official Capacity as Acting
Director of the Consumer Financial Protection Bureau; UNITED STATES
ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, in his Official
Capacity as Administrator of the Environmental Protection Agency; FEDERAL
DEPOSIT INSURANCE CORPORATION; TRAVIS HILL, in his Official
Capacity as Acting Chairman of the Federal Deposit Insurance Corporation; GENERAL
SERVICES ADMINISTRATION; STEPHEN EHIKIAN, in his
Official Capacity as Acting Administrator of the General Services Administration;
NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; OFFICE OF
PERSONNEL MANAGEMENT; CHARLES EZELL, in his Official Capacity as Acting
Director of the Office of Personnel Management; SMALL BUSINESS
ADMINISTRATION; KELLY LOEFLER, in her Official Capacity as Administrator of
the Small Business Administration; UNITED STATES AGENCY FOR
INTERNATIONAL DEVELOPMENT; MARCO RUBIO, in his
Official Capacity as Acting Administrator of the United States Agency for International
Development and Archivist for the National Archives and Records Administration

    Defendants – Appellants

---

## O R D E R

---

  Given the district court's stated intention to hold a hearing on March 26, 2025, and to promptly grant or deny preliminary injunctive relief thereafter, the court denies the appellant's request for an administrative stay or a stay pending the

resolution of the appeal.

Entered at the direction of Judge Rushing with the concurrence of Judge Wilkinson and Judge Benjamin.

For the Court

/s/ Nwamaka Anowi, Clerk

RUSHING, Circuit Judge, concurring:

I agree with the Court's decision to deny the government's stay motion at this juncture. The government raises serious questions about whether the district court's temporary restraining order is actually an appealable injunction, at least in part. But given the timing of the government's stay motion and the district court's anticipated ruling on preliminary injunctive relief, I agree that denying the motion in this posture is the prudent course.

I write separately to echo the growing concerns over district courts issuing nationwide injunctions to order redress for those who have not sought it. The district court here required numerous federal agencies to reinstate fired probationary workers across all 50 States. It ordered relief because Plaintiffs—which are 19 States and the District of Columbia—asserted an injury stemming from the federal government's failure to notify the States of its intent to fire probationary employees within their territory. But the district court extended its injunction to cover non-plaintiff States because (1) "the Government's policy is violative of the law across the board," and (2) it "would be inequitable" for a federal employee's status to turn on "the fortuity of their physical location." *State of Maryland v. USDA*, 1:25-cv-748, slip op. at 48 (D. Md. Mar. 13, 2025).

Neither reason holds water. As the district court noted, federal law requires an agency to notify a State of a reduction in force (RIF) when 50 or more employees in a "competitive area"—a unit definable by the agency but which must be linked to geography—receive separation notices. 5 C.F.R. §§ 351.803(b), 351.405; *see* 5 U.S.C. § 3502(d)(3). Plaintiffs identify no allegations or evidence before the district court

showing that 50 or more employees were terminated in competitive areas in *non-plaintiff States*—that is, the 31 States that opted not to join this lawsuit.  Accordingly, the court had no basis to conclude that the government violated federal law by failing to notify *those* States about any RIFs, and consequently no basis to conclude that the government's actions were illegal "across the board."

Further, the district court lost sight of who the Plaintiffs are and what injury they claim when it concluded a nationwide injunction was warranted.  The States seek redress for their *own* purported injuries flowing from the lack of notice, not for an injury to their citizens.  Accordingly, the question is not whether it is inequitable for a federal employee's reinstatement to turn on his State of residence, but rather whether it is inequitable to redress notice-based injuries only for those States that actually claim to be injured by the lack of notice.  Of course not.