# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | No. 25-1248, State of Maryland v. USDA |
| **Originating No. & Caption** | No. 1:25-cv-00748-JKB, State of Maryland v. USDA |
| **Originating Court/Agency** | U.S. District Court for the District of Maryland |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | 28 U.S.C. 1292(a)(1) | | |
| Time allowed for filing in Court of Appeals | 60 days under FRAP 4(a)(1)(B) | | |
| Date of entry of order or judgment appealed | 3/13/25 | | |
| Date notice of appeal or petition for review filed | 3/14/25 | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ● No |
| If appeal is not from final judgment, why is order appealable? The district court's order, while styled as a temporary restraining order, is appealable as a preliminary injunction. | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 843-731-9099.) | | | |
|---|---|---|---|
| Is settlement being discussed? | | ○ Yes | ● No |

1/28/2020 SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | |
|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | ◉ No |
| Has transcript been filed in district court? | ◉ Yes | ○ No |
| Is transcript order attached? | ○ Yes | ◉ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ◉ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ◉ Yes | ○ No |
| Does case involve question of first impression? | ◉ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ◉ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| Plaintiffs are nineteen states and the District of Columbia.  Plaintiffs have sued twenty-one federal agencies, alleging that those agencies' terminations of certain probationary federal employees amounted to a reduction in force of which the plaintiff jurisdictions were entitled to advance notice.  On March 13, 2025, the district court entered an order requiring the immediate reinstatement of thousands of employees at nearly all of those agencies. |

| **Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary) |
|---|
| The issues on appeal will include whether the plaintiffs had Article III standing, whether the district court was divested of jurisdiciton pursuant to the Civil Service Reform Act and the Federal Service-Labor Management Relations Statute, whether the plaintiffs were likely to suceed on the merits of their claims, whether the equitable factors otherwise supported preliminary relief, and whether the district court properly ordered relief on a nationwide basis. |

| **Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.) ||
|---|---|
| Adverse Party: **See attached.** | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |
| **Adverse Parties (continued)** ||
| Adverse Party: | Adverse Party: |
| Attorney:<br>Address: | Attorney:<br>Address: |
| E-mail: | E-mail: |
| Phone: | Phone: |

| **Appellant** (Attach additional page if necessary.) | |
|---|---|
| Name: See attached<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |
| **Appellant (continued)** | |
| Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: | Name:<br><br>Attorney:<br>Address:<br><br><br><br>E-mail:<br><br>Phone: |

**Signature:** /s/ Steven A. Myers          **Date:** 3/31/2025

**Counsel for:** All defendants

**Certificate of Service** *(required for parties served outside CM/ECF)*: I certify that this document was served on _____ by ☐ personal delivery; ☐ mail; ☐ third-party commercial carrier; or ☐ email (with written consent) on the following persons at the addresses or email addresses shown:

|   |   |
|---|---|
|   |   |
| Signature: | Date: |

**Appellants:**

UNITED STATES DEPARTMENT OF AGRICULTURE; BROOKE ROLLINS, in her Official Capacity as Secretary of Agriculture; UNITED STATES DEPARTMENT OF COMMERCE; HOWARD LUTNICK, in his Official Capacity as Secretary of Commerce; UNITED STATES DEPARTMENT OF DEFENSE; PETER HEGSETH, In his Official Capacity as Secretary of Defense; UNITED STATES DEPARTMENT OF EDUCATION; LINDA MCMAHON, in her Official Capacity as Secretary of Education; UNITED STATES DEPARTMENT OF ENERGY; CHRISTOPHER WRIGHT, in his Official Capacity as Secretary of Energy; UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES; ROBERT F. KENNEDY, JR., in his Official Capacity as Secretary of Health and Human Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; KRISTI NOEM, in her Official Capacity as Secretary of Homeland Security; UNITED STATES DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; SCOTT TURNER, in his Official Capacity as Secretary of Housing and Urban Development; UNITED STATES DEPARTMENT OF THE INTERIOR; DOUGLAS BURGUM, in his Official Capacity as Secretary of the Interior; UNITED STATES DEPARTMENT OF LABOR; VINCENT MICONE, in his Official Capacity as Acting Secretary of Labor; UNITED STATES DEPARTMENT OF TRANSPORTATION; SEAN P. DUFFY, in his Official Capacity as Secretary of Transportation; UNITED STATES DEPARTMENT OF THE TREASURY; SCOTT BESSENT, in his Official Capacity as Secretary of the Treasury; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; DOUGLAS A. COLLINS, in his Official Capacity as Secretary of Veterans Affairs; CONSUMER FINANCIAL PROTECTION BUREAU; RUSSELL VOUGHT, in his Official Capacity as Acting Director of the Consumer Financial Protection Bureau; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; LEE ZELDIN, in his Official Capacity as Administrator of the Environmental Protection Agency; FEDERAL DEPOSIT INSURANCE CORPORATION; TRAVIS HILL, in his Official Capacity as Acting Chairman of the Federal Deposit Insurance Corporation; GENERAL SERVICES ADMINISTRATION; STEPHEN EHIKIAN, in his Official Capacity as Acting Administrator of the General Services Administration; NATIONAL ARCHIVES AND RECORDS ADMINISTRATION; OFFICE OF PERSONNEL MANAGEMENT; CHARLES EZELL, in his Official Capacity as Acting Director of the Office of Personnel Management; SMALL BUSINESS ADMINISTRATION; KELLY LOEFLER, in her Official Capacity as Administrator of the Small Business Administration; UNITED STATES AGENCY FOR INTERNATIONAL DEVELOPMENT; MARCO RUBIO, in his Official Capacity as Acting Administrator of the United States Agency for International Development and Archivist for the National Archives and Records Administration

**Counsel for Appellants**

| | | |
|---|---|---|
| Mark R. Freeman | Mark.Freeman2@usdoj.gov | (202) 514-5714 |
| Courtney L. Dixon | Courtney.L.Dixon@usdoj.gov | (202) 353-8189 |
| Steven A. Myers | Steven.A.Myers@usdoj.gov | (202) 305-8648 |

Mailing address: Civil Division, U.S. Department of Justice 950 Pennsylvania Ave., NW Room 7232, Washington, DC 20530

**Appellees:**

STATE OF MARYLAND; STATE OF MINNESOTA; DISTRICT OF COLUMBIA; STATE OF ARIZONA; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WISCONSIN

**Counsel for Appellees:**

To the best of counsel for appellants' knowledge, accurate information concerning counsel for appellees is available on this Court's docket sheet.