No. 25-1248 (L)

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

————————————

STATE OF MARYLAND, et al.,

Plaintiffs-Appellees,

v.

UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,

Defendants-Appellants.

————————————

On Appeal from the United States District Court
for the District of Maryland

————————————

## GOVERNMENT'S OPPOSITION TO EMERGENCY
## MOTION FOR ADMINISTRATIVE STAY

————————————

YAAKOV M. ROTH
  *Acting Assistant Attorney*
  *General*

KELLY O. HAYES
  *United States Attorney*

MARK R. FREEMAN
COURTNEY L. DIXON
STEVEN A. MYERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7232*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8648*

On April 9, 2025, a motions panel of this Court entered a considered order granting the government's motion for a stay pending appeal of the district court's preliminary injunction. The panel should now decline the states' unusual request to stay its own stay order—and thereby re-enjoin the government—pending disposition of the states' forthcoming petition for rehearing en banc.

1. The panel has already determined—"[h]aving reviewed the record, the district court's opinion, and the parties' briefing"—that the stay factors favor the federal government. *See* Order 4-5 (Apr. 9, 2025). The motions panel emphasized that "[t]he Government is likely to succeed in showing the district court lacked jurisdiction over Plaintiffs' claims, and the Government is unlikely to recover the funds disbursed to reinstated probationary employees." *See id.* The states offer no response to these holdings, and instead simply repeat their contention, which the panel has already rejected, that terminations of probationary employees would cause various harms to the states' revenues and taxbases. Mot. 2. The states identify no reason why the panel would reach a different conclusion in this posture.

2.      Nor do the states' cursory arguments establish that en banc review is likely.  Mot. 1-2.  This Court does not typically grant en banc review of a motions panel decision.  And although the states insist that this case "concerns a matter of exceptional importance," Mot. 1, they do not identify any legal argument for why the motions panel's decision is incorrect.  The mere fact that this case is important—to both the states and the federal government—cannot be a reason why the considered decision of the motions panel should not be able to promptly take effect, particularly in light of the panel's conclusion that the injunction inflicts irreparable harm on the government.

The motions panel's decision is consistent, moreover, with a recent decision of the Supreme Court staying a "similar preliminary injunction issued by the United States District Court for the Northern District of California," which had required the reinstatement of previously terminated probationary employees.  *See* Order 5 (citing *OPM v. AFGE*, No. 24A904, 2025 WL 1035208, at *1 (U.S. Apr. 8, 2025) (mem.)).  In granting that stay motion, the Supreme Court necessarily determined that the government had established irreparable harm.  *See also Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) ("To obtain a stay

pending the filing and disposition of a petition for a writ of certiorari, an applicant must show … a likelihood that irreparable harm will result from the denial of a stay.").

## CONCLUSION

For the foregoing reasons, the Court should deny the motion for an administrative stay.

Respectfully submitted,

YAAKOV M. ROTH
  *Acting Assistant Attorney*
    *General*

KELLY O. HAYES
  *United States Attorney*

MARK R. FREEMAN
COURTNEY L. DIXON

 *s/ Steven A. Myers*
STEVEN A. MYERS
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7232*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 305-8648*
  *Steven.A.Myers@usdoj.gov*

April 2025

3

## CERTIFICATE OF COMPLIANCE

I hereby certify that this response satisfies the type-volume requirements set out in Rule 27(d)(2)(C) because it contains 434 words. It was prepared using Microsoft Word in Century Schoolbook, 14-point font, a proportionally spaced typeface.

*s/ Steven A. Myers*
STEVEN A. MYERS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

*s/ Steven A. Myers*
Steven A. Myers